MATTHEW P. LEWIS (SBN: 155516)
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: 213-620-7700
Facsimile: 213-452-2329
Email:      mlewis@whitecase.com

KEVIN X. MCGANN (*admitted pro hac vice*)
JAMES S. TRAINOR, JR. (*admitted pro hac vice*)
ROBERT E. COUNIHAN (*admitted pro hac vice*)
WHITE & CASE LLP
1155 Avenue of Americas
New York, New York 10036
Telephone:  212-819-8200
Facsimile:  212-354-8113
Email:    kmcgann@whitecase.com
Email:    jtrainor@whitecase.com
Email:    rcounihan@whitecase.com

WARREN S. HEIT (SBN: 164658)
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone: 650-213-0300
Facsimile: 650-213-8158
Email: warren.heit@whitecase.com

Attorneys for Plaintiff
GOOGLE INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>BT AMERICAS, INC.; BT CONFERENCING, INC.; BT INS, INC.; and IPANEMA TECHNOLOGIES CORPORATION,<br><br>            Defendants. | Case No. 8:13-cv-00254-CJC-JPR<br><br>**RULE 26(f) JOINT SCHEDULING REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 26-1, and this Court's Notice of Intent to Schedule the Case, dated June 4, 2013, plaintiff Google Inc. ("Plaintiff") and defendants BT Americas, Inc., BT Conferencing, Inc. and BT INS, Inc. (together, "Defendants") hereby jointly submit this Rule 26(f) Joint Scheduling Report.[1]

## I. STATEMENT OF THE CASE

This case commenced on February 13, 2013, when Plaintiff sued Defendants in this Court for infringement of four U.S. Patents (collectively, the "Patents-in-Suit"): U.S. Patent No. 5,581,703, entitled "Method and Apparatus for Reserving System Resources to Assure Quality of Service" (the "'703 patent"); U.S. Patent No. 5,701,465, entitled "Method and Apparatus for Reserving System Resources to Assure Quality of Service" (the "'465 patent"); U.S. Patent No. 6,807,166 B1, entitled "Gateway for Internet Telephony" (the "'166 patent"); U.S. Patent No. 7,460,558 B2, entitled "System and Method for Connection Capacity Reassignment in a Multi-Tier Data Processing System Network" (the "'558 patent").

Plaintiff's Position:

Plaintiff asserts that Defendants infringe claims of the Patents-in-Suit and that Defendants' infringement has been willful at least since the date of the Complaint.

The alleged "concurrent litigation" referenced by Defendants below, and pending in the District of Delaware, is unrelated to this action and not pertinent to the parties' obligations under Rule 26(f). As Defendants acknowledge, no Defendant in this action is a party to the referenced Delaware litigation. Defendants here, moreover, have not challenged jurisdiction or venue in this action.

---

[1] Defendant Ipanema Technologies Corporation was voluntarily dismissed by order of the Court on May 14, 2013 (D.I. 29).

Both parties have pled that defendant BT INS, Inc. has merged into BT Americas, Inc. (Complaint, ¶ 11; Answer, ¶ 11).

1   Plaintiff further notes that, in the pending Delaware litigation, the BT entity
2   defendant agreed to a schedule similar in structure to that proposed by Plaintiff
3   here, as reflected in Exhibit A hereto – i.e., a schedule having interim deadlines for,
4   e.g., infringement/invalidity contentions, <u>Markman</u>-related party exchanges, etc.

5   Plaintiff's proposed schedule is appropriate under the circumstances of this
6   case, which, in considerable part, concern software applications and services,
7   including Defendants' Quality of Service products and services, and OneVoice and
8   Unified Communication & Collaboration products and services. The details of
9   these accused software applications are held in Defendants' confidential source
10  code and core technical documents, the timely analysis of which will provide both
11  parties a reasonable opportunity to prepare their cases efficiently. As this discovery
12  is expected to be both voluminous and complex, Plaintiff's proposed schedule is
13  targeted to facilitate necessary production and relevant disclosures early on.
14  Plaintiff respectfully submits, moreover, that all parties will benefit from Plaintiff's
15  proposed schedule since it provides for the disclosure of infringement and
16  invalidity contentions, as well as positions on claim construction, in a timely
17  manner. Irrespective of when the Court issues a claim construction order, the
18  nature and structure of the case schedule proposed by Plaintiff improves clarity
19  regarding the parties' respective positions in advance of expert discovery, such that
20  the parties' experts can provide informed and helpful opinions. Furthermore,
21  Plaintiff proposes a reasonable five month period to conduct discovery before it
22  identifies asserted claims. This proposal will benefit both sides by permitting
23  Plaintiff to reasonably narrow the scope of asserted claims at an early stage of
24  discovery, once Plaintiff has had the benefit of reviewing Defendants' core
25  technical document production.

1   <u>Defendants' Position:</u>

2   Defendants deny infringing any claims of the Patents-in-Suit, nor have they willfully infringed at any time. Defendants also deny that the patents-in-suit are valid or enforceable.

There is concurrent litigation between Plaintiff and a parent company of Defendants (*i.e.*, British Telecommunications plc) pending in the District of Delaware (Case No. 11-1249 (LPS)) wherein BT plc sued Google for patent infringement. Trial in that action is currently scheduled for February 2014.

As that case is in a different Court, BT negotiated a schedule in accordance with the general practices of that Court. It is Defendants' understanding that this Court generally adopts a schedule indicating dates for discovery/discovery motion cutoff, final motion cutoff (including motions to join or amend the pleadings), ADR cutoff, pretrial conference, and trial. BT has proposed dates, to which Plaintiff generally agrees, in Exhibit A that adhere to that practice (see last five rows in Exhibit A), and as such, BT has not proposed dates herein for the additional items included by Plaintiff in Exhibit A, and does not agree that Plaintiff's proposed dates for those events would be suitable for this action. Under Plaintiff's proposal, Plaintiff will have five months of discovery before it so much as has to identify which claims it is asserting in this case, six months before it has to provide its infringement contentions, and eight months until it has to disclose what it contends the claims of its patents encompass, all of which Plaintiff should reasonably have identified internally prior to initiating this action. This puts BT under an extreme disadvantage as throughout discovery it will have no idea what Google's case is about. Under BT's proposal, which follows the Court's standard practice, both parties can use normal discovery procedures to understand the positions of the other much sooner.

## II. JURISDICTION

Plaintiff has sued Defendants for patent infringement pursuant to 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

## III. LEGAL ISSUES

Plaintiff's Legal Issues:

1. Whether Defendants have infringed any claims of any of the Patents-in-Suit.
2. Whether Defendants' infringement was willful.
3. Plaintiff's claim for damages, costs, attorneys' fees, enhanced damages, and/or injunctive relief.

Defendants' Legal Issues:

1. Whether any asserted claim of the patents-in-suit is infringed by any product or service made, used, sold, or offered for sale by BT.
2. The construction of the asserted claims of the patents-in-suit.
3. Whether the asserted claims of the patents-in-suit are invalid.
4. Whether and to what extent a non-practicing entity is entitled to damages.
5. Whether Google has an adequate remedy at law precluding injunctive relief.
6. Defendants' claim for attorneys' fees and costs.

## IV. DAMAGES

Plaintiff seeks damages in the amount to be proven at trial, which may include lost profits, but not less than a reasonable royalty; enhanced damages due to Defendants' willful infringement; interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable.

Defendants are not seeking damages at this time, but may seek the award of its attorneys' fees and costs in this action. Defendants contend that, as a non-

practicing entity, Google is not entitled to any lost profits. Google has not alleged that BT's purported infringement was willful and thus is not entitled to any enhancement of any damage award it may receive.

## V.   MOTION SCHEDULE

Plaintiff may move for summary judgment of infringement and/or that one or more of the Patents-in-Suit is not invalid or unenforceable, at or around the close of discovery in this case, or by such other time as the Court directs.

Defendants may move for summary judgment of non-infringement or invalidity of one or more of the Patents-in-Suit during the discovery period or within such other time period that the Court directs.

## VI.   MANUAL FOR COMPLEX LITIGATION

The parties do not believe that the procedures of the Manual for Complex Litigation should be utilized.

## VII.   DISCOVERY PLAN

The parties propose that, except as noted below, discovery will be conducted in accordance with the Federal Rules of Civil Procedure.

### a.   Discovery Limitations

#### i.   Discovery Requests

Each party shall be limited to fifty (50) requests for admission relating to substantive issues; there shall be no limit on requests for admission relating to the authentication of documents.

#### ii.   Privilege Log

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

### b. Electronically Stored Information

Plaintiff proposes that the parties work together to reach agreement on a stipulation governing the production of Electronically Stored Information.

### c. Email Service

Plaintiff's Position:

Plaintiff proposes that service by e-mail is equivalent to personal service pursuant to Fed. R. Civ. P. 5(b)(2)(A) or (B) if sent by 8:59 p.m. Pacific Time. This agreement does not apply to motions or other documents filed by ECF; nonetheless, ECF-filed documents shall be treated as personally served if filed by 8:59 p.m. Pacific Time. If documents are served by e-mail, the originals need not follow by regular mail. In the event certain documents are too large to be sent by e-mail (e.g., large exhibits to main document), then the parties agree to serve those large documents for receipt the following day by Federal Express (or equivalent) next-day service.

Defendants' Position:

Defendants propose that service by e-mail to designated counsel is equivalent to service pursuant to Fed. R. Civ. P 5(b)(2)(E), but no further written consent shall be required. Transmission after 8:59 p.m. Pacific Time shall be considered as made the following day.

### d. Protective Order

Plaintiff proposes that the parties negotiate the terms of an appropriate Protective Order in good faith and shall submit it to the Court as soon as possible, or at such time as ordered by the Court.

Defendants propose that the parties adopt essentially the same Protective Order they negotiated in the pending action BT v. Google Inc., C.A. No. 11-1249 (LPS) pending in the District Court for the district of Delaware.

e. **Discovery Topics**

Plaintiff's position: The general subjects on which discovery will be needed include: infringement of the Patents-in-Suit; the nature, design, and operation of the accused products or services; financial aspects related to Defendants' provision of same; information related to the understanding of a person having ordinary skill in the relevant art; Defendants' knowledge of, and response to learning about, the Patents-in-Suit; facts relevant to any alleged bases supporting Defendants' Affirmative Defenses; information relating to any party's compliance with its discovery obligations, including but not limited to document preservation, collection and production, and document retention; use of the accused products or services; corporate structure and relations of the Defendants.

Defendants' position:

Defendants will need discovery on at least the following subjects, which may include third party discovery[2] and discovery in foreign countries[3]: Plaintiff's corporate structure, organization, and ownership; inventorship and ownership of the patents-in-suit; the preparation, filing and prosecution of U.S. patent applications relating to the patents-in-suit; the conception and reduction to practice of the inventions of the patents-in-suit; the validity of the patents-in-suit; the knowledge of Plaintiff and/or third parties of prior art to the invention described and claimed in the patents-in-suit; other litigation of the patents-in-suit; other litigation of the patents-in-suit contemplated by Plaintiff or the prior owners of the patents-in-suit; Plaintiff's contentions about the scope and claim construction of the patents-in-suit; Plaintiff's contentions regarding what products are accused of infringing; Plaintiff's contentions about infringement by the accused products; Plaintiff's allegations in its complaint; the basis and extent of damages alleged by Plaintiff, including whether

---

[2] The patents-in-suit asserted against BT were acquired by Google from third-parties IBM Corporation and Fujitsu Ltd.

[3] The inventor of one of the patents-in-suit is a resident of Japan, as is Fujitsu Ltd.

and what lost profits may be appropriate and/or what a reasonable royalty would be; any licenses or agreements related to the patents-in-suit; Plaintiff's negotiations for and purchase of the patents-in-suit; the purpose and timing of Plaintiff's acquisition of the patents-in-suit; Plaintiff's communications with the original owners and inventors of the patents-in-suit regarding the patents-in-suit; the amounts paid for the patents-in-suit; Plaintiff's prior positions on patent valuation; Plaintiff's public statements and legislative activity regarding non-practicing entities; any pre- or post-acquisition valuations made of the patents-in-suit by Plaintiff or the patents' prior owners; correspondence and communications with Ipanema; Plaintiff's pre-suit due diligence and good faith basis for bringing suit.

### f. Discovery Schedule

For Plaintiff's and Defendants' proposals, the parties respectfully direct the Court to the Timetable referenced below and attached as **Exhibit A**.

### g. Rule 26(a)(1) Initial Disclosures

The Parties initial disclosures under FRCP 26(a)(1) will be exchanged within 14 days of issuance of a Scheduling Order.

## VIII. DISCOVERY CUT-OFF

<u>Plaintiff's position</u>:  Plaintiff proposes that all discovery be completed by the later of October 17, 2014 or 165 days from the issuance of a claim construction order. Plaintiff believes this schedule would provide ample time for both parties to satisfy their discovery obligations.

<u>Defendants' position</u>:  Defendants agree that discovery be completed by October 17, 2014.

## IX. EXPERT WITNESSES

The parties respectfully direct the Court to their proposals for timing of disclosures under Fed. R. Civ. P. 26(a)(2) in the Timetable attached hereto as **Exhibit A**.

## X. ADR

The parties' preferred form of ADR is private, non-binding mediation.

## XI. TRIAL ESTIMATE

Plaintiff has requested a jury trial. Plaintiff anticipates that trial will last approximately seven (7) to ten (10) days.

Defendants anticipate that trial will last approximately fifteen (15) days.

## XII. ADDITIONAL PARTIES

At this time, Plaintiff does not expect any other parties to appear in this action.

Defendants advise that Ipanema has provided indemnification of certain claims asserted in this case and potentially may become a party.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

The parties are not aware of any other issues affecting the status or management of the case that should be addressed at this time.

Dated: August 19, 2013

Respectfully submitted,
**WHITE & CASE LLP**
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071
(213) 620-7700


/s/ Matthew P. Lewis
(SBN: 155516)
ATTORNEY FOR PLAINTIFF
GOOGLE INC.


**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
(310) 557-2900


/s/    Sarah Kroll-Rosenbaum
        (State Bar No. 272358)
        skroll-rosenbaum@proskauer.com
ATTORNEY FOR DEFENDANTS BT
AMERICAS, INC., BT CONFERENCING,
INC., and BT INS, INC.

# EXHIBIT A

| Event | Plaintiff's Proposal | Defendants' Proposal | Court's Order |
|---|---|---|---|
| Exchange of Initial Disclosures (FRCP 26(a)) | 14 days from issuance of Scheduling Order | 14 days from issuance of Scheduling Order | |
| Substantial Completion of Document Production | December 13, 2013 | **[4] | |
| Disclosure of Asserted Claims | January 17, 2014 | ** | |
| Disclosure of Infringement Contentions | February 21, 2014 | ** | |
| Disclosure of Invalidity Contentions | March 14, 2014 | ** | |
| Exchange of Proposed Terms for Construction, if any | March 28, 2014 | ** | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (if necessary) | April 11, 2014 | ** | |
| Exchange and filing of Opening Claim Construction Briefs | May 23, 2014 | ** | |
| Exchange and filing of Responsive Claim Construction Briefs | June 13, 2014 | ** | |
| Claim Construction Hearing | Court's convenience | ** | |
| Last day to file all motions other than discovery motions, including motions to join or amend the pleadings | Later of July 18, 2014 or 60 days from issuance of claim construction order | ** | |
| Fact Discovery Cut-Off | Later of July 18, 2014 or 60 days from issuance of claim construction order | ** | |

---

[4] ** See explanation in Section I.

| | | | |
|---|---|---|---|
| Deadline to serve initial expert reports on any issue on which the serving party bears the burden of proof | Later of August 15, 2014 or 90 days from issuance of claim construction order | August 15, 2014 | |
| Deadline to serve rebuttal expert reports | Later of September 19, 2014 or 45 days from service of initial expert reports (135 days from issuance of claim construction order) | September 19, 2014 | |
| All Discovery/discovery motions completed, | Later of October 17, 2014 or 30 days from service of rebuttal expert reports (165 days from issuance of claim construction order) | October 17, 2014 | |
| Last day to conduct ADR (parties have selected private mediation) | September 19, 2014 | September 19, 2014 | |
| Last day to file and have heard all other motions | Later of December 19, 2014 or 15 days from end of expert discovery (180 days from issuance of claim construction order) | December 19, 2014 | |
| Pretrial conference | Court's convenience | Court's convenience | |
| Trial begins | Court's convenience | Court's convenience | |